470 P.2d 707

**AETNA CASUALTY & SURETY COMPANY, Newberry Electric Corporation, Petitioners,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Grace E. Reynia, Respondent Widow.**

**No. 1 CA–IC 373.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 22, 1970.

Chandler, Tullar, Udall & Richmond, by Jack Redhair and William J. Augustine, Tucson, for petitioners.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

Ira Schneier, Tucson, for Grace E. Reynia.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona issued October 27, 1969, denying the motion for rehearing, and reinstating the award of April 9, 1969, granting death benefits to the surviving widow.[1]

The question before the Court is whether the award and findings of the Industrial Commission is reasonably supported by the evidence.

The deceased husband was working as an electrician on a missile "silo", an underground installation. He was working on Level 6, some 50 feet underground. An evacuation drill was called, which required the deceased to strap a twelve-pound airpack to his back and proceed by ladders and stairs to the top of the silo. When he reached the top, he collapsed and died. This occurred on October 10, 1967.

The deceased's attending physician, Theodore Wittels, M.D., testified. He stated that the deceased had suffered from high blood pressure for a period of years, and gave as his opinion that the climbing of the stairway was a contributing cause to the death of the decedent. Dr. Edward Brucker, a pathologist, who did the autopsy on the deceased, testified that he had died of a coronary thrombosis. Dr. Brucker did not testify as to causal relationship. There was no conflict in the medical evidence, and we believe that the state of the record is such that the award of the Commission is reasonably supported by the evidence.

The award is affirmed.

STEVENS and CAMERON, JJ., concur.

---

1. This case was decided under the law as it existed prior to January 1, 1969.